UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

JAMES JOLY, ET AL                                              CIVIL ACTION

VERSUS                                                         NO. 06-9261

PAPPALARDO AGENCY, INC,                                        SECTION: "C"
ET AL

## ORDER AND REASONS

This matter comes before the Court on a motion to remand filed by the plaintiffs, James Joly, Susan Joly and Joly Printing Company, Inc. (collectively, "Plaintiffs"). In their motion, the Plaintiffs assert that this motion should be remanded because this court lacks jurisdiction. The defendants, the Pappalardo Agency, Inc. ("Pappalardo Agency") and Albert Pappalardo (collectively "Defendants") oppose the motion, claiming that this court has original subject matter jurisdiction, because it concerns a flood insurance policy issued by the Pappalardo Agency pursuant to the National Flood Insurance Program ("NFIP"). After considering the memoranda of counsel, the record and the applicable law, the Court finds that it has jurisdiction over this action.

Congress established the NFIP by enacting the National Flood Insurance Act of 1968, 42 U.S.C. § 4001, *et. seq*. Under the NFIP, the director of the Federal Emergency Management Agency ("FEMA"), can use private insurance companies, i.e. Write-Your-Own ("WYO") companies, to aid in the administration of the program. The public can purchase insurance

policies either directly from FEMA or from the WYO companies. 42 U.S.C. § 4071-72 (2006). Section 4072 also provides that the federal court has original and exclusive jurisdiction for claims arising under the NFIP. It is clear that the Federal District Courts have exclusive subject matter jurisdiction in cases arising out of claims under insurance policies issued pursuant to the NFIP. *Powers v. Autin-Gettys-Cohen Ins. Agency, Inc., et. al.*, 2000 WL 1593401, *2 (E.D.La. 2000); *Corliss v. South Carolina Ins. Co.*, 2004 WL 2988497, *2 (E.D.La. 2004).

Here, the Plaintirffs are suing the Pappalardo Agency. The Pappalardo Agency is a WYO company, which issued a non-residential flood insurance policy to the Plaintiffs. See, Rec. Doc. 7. The Plaintiffs allege that the Pappalardo Agency acted improperly in handling their claims under this flood insurance policy. See, State Court Complaint, ¶ 5. They also claim that the Pappalardo Agency is liable to them for its negligence in not informing them that their flood insurance policy did not have any contents coverage. These claims arise out of the Pappalardo Agency's alleged duties of administration under a NFIP insurance policy. Thus, the federal court has original jurisdiction under 42 U.S.C. § 4072.

Furthermore, this Court has jurisdiction under 28 U.S.C. § 1331. Determining the proper administration of a NFIP insurance policy requires the application of federal law, i.e. it is a federal question. This Court has an interest in upholding a nationally uniform policy concerning the administration of NFIP insurance policies. Also, this Court has jurisdiction over the Plaintiffs' state law causes of action against all defendants, because all claims in this suit arise from the administration of the insurance policies after Hurricane Katrina. As a result, they are all part of the "same case or controversy." 28 U.S.C. § 1367 (2006).

Accordingly,

IT IS ORDERED that the Plaintiffs' Motion to Remand is **DENIED**.

New Orleans, Louisiana, this 10th day of January, 2007.

_____
HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE